IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.        No. CR 04-2524 RB

EVERETT CHARLES BRAKEMAN,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Defendant's Motion To Inspect Grand Jury Minutes (Doc. 83) filed March 24, 2008. Defendant states that he needs the grand jury minutes because the indictment against him was not signed, and "matters occurred before the said grand jury which may constitute grounds . . . to dismiss the indictment."[1] Elaborating on these "matters" in his reply (Doc. 105), Defendant asserts that "there was not enough evidence . . . before the Grand Jury to prove that Defendant was a drug user, . . . [and] the Indictments were not taken before the Grand Jury. . . ." The Court will deny the motion.

    A criminal defendant must meet a relatively high standard in order to obtain disclosure of grand jury minutes. As stated by the United States Court of Appeals for the Tenth Circuit, "[t]he Supreme Court has consistently 'recognized that the proper functioning of the grand jury system depends upon the secrecy of the grand jury proceedings.' Secrecy, however, is not absolute." *In re Special Grand Jury 89-2*, 143 F.3d 565, 569 (10th Cir. 1998) (citations omitted). In determining whether disclosure should be ordered, "[t]he most significant . . . factor[] is that the party seeking

---

[1] Defendant is pursuing these claims in his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, filed subsequently on May 15, 2008.

disclosure must sufficiently demonstrate the requisite 'particularized need.' " *In re Lynde*, 922 F.2d 1448, 1452 (10th Cir. 1991) (quoting *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 223 (1979); *see also In re Grand Jury 95-1*, 118 F.3d 1433, 1437 (10th Cir. 1997) ("the request must amount to more than a request for authorization to engage in a fishing expedition."). The motion is considered under these standards.

First, Defendant alleges that the superseding indictments were not signed. To the contrary, as Plaintiff points out, the indictments were signed, but this Court redacts signatures from public copies of indictments. This allegation provides no support for disclosure of grand jury proceedings.

As to the other "matters" asserted by Defendant, his speculation with respect to evidence and testimony before the grand jury falls far short of a showing of prejudicial irregularities. *Cf. In re Grand Jury 95-1*, 118 F.3d at 1437-38. As the Supreme Court has stated, " 'the mere fact that evidence itself is unreliable is not sufficient to require a dismissal of the indictment,' and . . . 'a challenge to the reliability or competence of the evidence presented to the grand jury' will not be heard." *United States v. Williams*, 504 U.S. 36, 54 (1992) (quoting *Bank of Nova Scotia v. United States*, 487 U.S. 250, 261 (1988). Defendant's motion fails to show "that the material . . . is needed to avoid a possible injustice . . . , [and] that the need for disclosure is greater than the need for continued secrecy." *Douglas Oil Co.*, 441 U.S. at 222. The motion will be denied.

IT IS THEREFORE ORDERED that Defendant's Motion To Inspect Grand Jury Minutes (Doc. 83) filed March 24, 2008, is DENIED.

_____
UNITED STATES DISTRICT JUDGE
2