## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

          Plaintiff/Respondent,

v.                                **Case No. CIV-08-0472 RB/LAM**
                                **Case No. CR-04-2524 RB**

EVERETT CHARLES BRAKEMAN,

          Defendant/Movant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

### PROPOSED FINDINGS

1.     This is a proceeding on a ***Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*** (*Doc. 1*) (hereinafter, "Motion"), filed on May 14, 2008, by Defendant/Movant Everett Charles Brakeman. Plaintiff/Respondent United States of America (hereinafter, "United States") filed a response to the Motion (*Doc. 18*) (hereinafter, "Response") on July 21, 2008, asking the Court to deny the Motion. Mr. Brakeman filed a "reply" in support of the Motion (*Doc.29*) (hereinafter, the "Reply")[2] on September 10, 2008, and the Motion is fully briefed and ready for ruling. A prisoner in federal custody is entitled to relief

---

[1]**Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within ten (10) days after being served with a copy of the objections.**

[2]Although Mr. Brakeman's reply is titled "Motion to Strike Respondant's [sic] Motion to Dismiss and Answer/Motion for Leave to File Reply to the Governments [sic] Response to Petitioner's Motion to Vacate Sentence Under 28 U.S.C.A. § 2255," the Court construes it as a reply based on its contents.

under 28 U.S.C. § 2255 if a court finds that "[his] sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If relief is warranted, a court may vacate and set the judgment aside and discharge the prisoner, or resentence him, grant him a new trial, or correct the sentence. 28 U.S.C. § 2255(b). In his motion, Mr. Brakeman attacks the sentence imposed on him by the United States District Court for the District of New Mexico in *United States of America v. Everett Charles Brakeman*, Case No. CR-04-2524 RB. The Court has reviewed the parties' submissions on the motion and, for the reasons set forth below, recommends that the motion be denied, without an evidentiary hearing, and this action dismissed with prejudice.

2.      Also before the Court is Mr. Brakeman's ***Motion to Correct Presentence Investigation Report*** (*Doc 31*), filed on September 22, 2008. The United States filed a response to this motion (*Doc. 42*) on November 3, 2008, and Mr. Brakeman filed a reply in support of this motion (*Doc. 43*) on December 1, 2008. The Court has reviewed this motion, and the related response and reply, and recommends that it be denied for the reasons set forth below.

3.      On June 17, 2005, at the conclusion of his trial, a jury found Mr. Brakeman guilty on Counts 1, 5, 7 and 8 of a second superseding indictment charging him, *inter alia*, with: (a) two counts of being a felon in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1); (b) one count of possession with intent to distribute less than five grams of methamphetamine (actual), its salts, isomers and salts of its isomers in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2; and (c) one count of carrying a firearm

during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).[3]

Judgment was entered on April 26, 2006, and an amended judgment, to correct a clerical error, was

entered on May 16, 2006.[4]  Mr. Brakeman was sentenced to a total term of imprisonment of two-

hundred and forty-eight months, followed by a term of five years of supervised release.[5]

      4.      Mr. Brakeman appealed his conviction to the United States Court of Appeals for the

Tenth Circuit.  On February 5, 2007, the Tenth Circuit entered a judgment and an opinion affirming

his conviction.[6]

      5.      Mr. Brakeman filed his § 2255 motion on May 14, 2008, and the United States

concedes that his motion was timely filed.[7]  The Court reviews his *pro se* pleadings under a liberal

standard.  *United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007).  However, the Court

may not act as his advocate in this proceeding.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110

(10th Cir. 1991).  In his § 2255 motion, Mr. Brakeman alleges ineffective assistance of counsel at

trial, based on allegations that his trial attorney, Peter Edwards: (a) failed and refused to call any

witnesses at pretrial motion hearings; (b) failed and refused to call any witnesses at trial; (c) failed

to subpoena Mr. Brakeman's voluntary statement; (d) failed to disclose pertinent information

regarding Mr. Brakeman's case and withheld information and statements made by the owner of a

---

[3]*See **Second Superseding Indictment** (*Doc. 39*) and **Verdict** (*Doc. 68*) filed in Case No. CR-04-2524 RB. Further references to documents filed in Case No. CR-04-2524 RB will be cited in the format "*CR Doc. ___.*" Reference to documents filed in this civil action will be referred to as "*Doc. ___.*"

[4]*See **Judgment in a Criminal Case** (*CR Doc. 76*) and **Amended Judgment in a Criminal Case** (*CR Doc. 78*).

[5]*See **Amended Judgment in a Criminal Case** (*CR Doc. 78*) at 3-4 (unless otherwise noted, all page references to documents are to the Court's CM-ECF electronic docketing system).

[6]*See **Judgment** and **Opinion** included in *CR Doc. 82* at 2 through 18.

[7]*See Response (*Doc. 18*) at 4, n. 2.

3

weapon found in a motor home on September 15, 2004; (e) failed to inform Mr. Brakeman that pretrial motions could, and should, have been appealed; (f) failed to find or obtain records of the ownership of weapons that were found; (g) failed to find the owner of motor homes; (h) failed to call David Higgins, the owner of a trailer park and the owner of property described in the search warrant; (i) failed to call the Assessor of Chaves County, New Mexico, who told Mr. Edwards that Mr. Brakeman's shop was not located at 205 Monksdale or on Monksdale Street, but in a mobile home park; (j) failed to call Susan Gray, the owner of a weapon found in a motor home on September 15, 2004; (k) failed to call the owner of an El Cameno; (l) failed to investigate latent fingerprints found on a weapon found on September 15, 2004, although Mr. Edwards knew about the fingerprints from statements made by Detective Yeaslas, ATF agent Jensen and Mr. Brakeman; (m) failed to disclose any information that Mr. Edwards obtained during investigatory trips he made to Roswell, New Mexico; (n) failed to check with an electric utility company for an address for electric bills; (o) failed to argue that Mr. Brakeman's presentence report had higher points than it should have had; (p) failed to act on knowledge that Mr. Brakeman had only one violent felony conviction and was not eligible for an armed career charge or sentence; and (q) failed to adequately argue against a weak prosecution case.[8]

6.    Mr. Brakeman also alleges ineffective assistance of counsel at sentencing and on appeal, based on allegations that his attorney, David Kimmelman: (a) failed to notify Mr. Brakeman of the Tenth Circuit decision in his criminal case; (b) used copies of pretrial motions in Mr. Brakeman's appeal; (c) failed to take notes, maps, photos or any evidence to oral argument; (d) neglected to take a copy of the original search warrant to the appellate court; (e) told the Court

---

[8]*See* Motion (*Doc. 1*) at 4, 5, 14 and 15.

of Appeals that Mr. Brakeman had admitted to living at 205 Monksdale which was false; (f) failed

to argue at sentencing that Mr. Brakeman was receiving an illegal sentence; (g) failed to review

Mr. Brakeman's presentence report which would have shown that Mr. Brakeman's sentence was

"all wrong;" (h) withheld information that Mr. Brakeman needs to fully support his § 2255 motion;

and (i) failed to object to the application of guidelines that increased Mr. Brakeman's sentence.[9]

7.      In addition to his ineffective assistance of counsel claims, Mr. Brakeman alleges that

Chaves County Sheriff's Deputy Marcos Franco altered evidence in Mr. Brakeman's criminal case

to gain a conviction.[10]  Mr. Brakeman also appears to allege that the superseding indictments in his

criminal case were defective because: (a) they were not signed by a grand jury member; and (b)

there was not enough evidence to support the superseding indictments.[11]

8.      Mr. Brakeman's § 2255 motion includes a request for an evidentiary hearing and a

request that the hearing be held before District Judge Robert C. Brack, the presiding judge in this

action and Mr. Brakeman's criminal case.[12]

---

[9]*Id.* at 7, 8 and 18.  Mr. Kimmelman was appointed to represent Mr. Brakeman on February 6, 2006, before
he was sentenced and shortly after Mr. Edwards withdrew.  *See* **Order** (*CR Doc. 72*), granting motion to withdraw filed
by Mr. Edwards, and **CJA 20 Appointment of and Authority to Pay Court Appointed Counsel** (*CR Doc. 73*), appointing
Mr. Kimmelman to represent Mr. Brakeman.

[10]*See* Motion (*Doc. 1*) at 5 through 7, 16 and 17.

[11]*Id.* at 8.

[12]*Id.* (*Doc. 1-2*) at 2 and 9.

9.      In addition, Mr. Brakeman's § 2255 motion includes within it, as separately styled "motions," a request for discovery and a request for appointment of counsel.[13]  The motion also includes within it a memorandum in support of the motion and multiple exhibits.[14]

### Request for Evidentiary Hearing

10.      As an initial matter, the Court finds that an evidentiary hearing is not necessary on Mr. Brakeman's § 2255 motion because his motion and the files and records of this case conclusively show that he is entitled to no relief.  The Court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).

### Requests for Discovery and Appointment of Counsel

11.      The Court finds that Mr. Brakeman's requests for discovery and the appointment of counsel have no merit and should be denied.

12.      In his request for discovery, Mr. Brakeman asks the Court to allow him to depose his former attorneys, Peter Edwards and David Kimmelman.[15]  He asks that he be allowed to question them "as to the reasons for their failures complained of herein" and contends, without specifics, that the "evidence developed through [their] depositions will materially support [his] allegations [] as to the 'performance' of counsel.'"[16]  A movant under § 2255 is not entitled to discovery as a matter of course.  Under Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States

---

[13]*Id.* (*Doc. 1-2*) at 11 through 14.

[14]*Id.* at *Docs. 1-2* through *1-4.*

[15]*See Document 1-2* at 11.

[16]*Id.*

District Courts, the Court may authorize discovery only upon a showing of "good cause."  Good cause is established if a habeas petitioner makes "'specific allegations'" that give the Court "'reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief[.]'"  *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).  Here, Mr. Brakeman has made no showing, by specific allegations, that Mr. Edwards and Mr. Kimmelman will provide deposition testimony favorable to Mr. Brakeman's claims, or give testimony otherwise demonstrating that he is entitled to relief. Therefore, the Court recommends that his request for discovery be denied.

13.    Mr. Brakeman also asks the Court for the appointment of counsel.[17]   There is generally no federal constitutional right to counsel in a proceeding brought under 28 U.S.C. § 2255. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, and we decline to so hold today.") (citation omitted).  The decision of whether to appoint counsel is left to the discretion of the Court and, ordinarily, there is no reason to appoint counsel unless the case has reached the stage of proceedings where an evidentiary hearing is  required.  *See, e.g., United States v. Leopard*, 170 F.3d 1013, 1015 (10th Cir. 1999).  As the Court has determined that an evidentiary hearing is unnecessary on Mr. Brakeman's claims, the Court recommends that his request for the appointment of counsel be denied.

<u>Ineffective Assistance of Counsel - Mr. Edwards</u>

14.    Mr. Brakeman asserts seventeen claims of ineffective assistance of counsel against Mr. Edwards who was his trial attorney.  The Court addresses these claims individually.

---

[17]*Id.*

15.     To establish ineffective assistance of counsel, Mr. Brakeman must make a two-pronged showing that: (a) his attorney's performance was constitutionally deficient; and (b) the deficient performance prejudiced his defense in that the attorney's errors were so serious as to deprive him of a fair trial with a reliable result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish constitutionally deficient performance, Mr. Brakeman must show that his attorney's performance fell below an objective standard of reasonableness. *Id.* 687-88.  Scrutiny of the attorney's performance must be "highly deferential" and must avoid the distorting effects of hindsight. *Id.* at 689.  Moreover, Mr. Brakeman must overcome a strong presumption that his attorney's conduct "falls within the wide range of reasonable professional assistance; that is, [he] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).  To establish prejudice, Mr. Brakeman "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The Court does not have to address both prongs of the *Strickland* standard if Mr. Brakeman makes an insufficient showing on one of the prongs. *Id.* at 697.

<u>Claim 1:  Failure and Refusal to Call any Witnesses at Pretrial Motion Hearings</u>

16.     Mr. Brakeman contends that Mr. Edwards was ineffective because he failed and refused to call any witnesses at Mr. Brakeman's pretrial motion hearings.[18]  The record shows that a single evidentiary hearing was held on the pretrial motions filed by Mr. Brakeman in his criminal case.  The subjects of that hearing, held on May 23, 2005, were two defense motions to suppress

---

[18]*See* Motion (*Doc. 1*) at 14.

evidence, a defense motion to strike surplusage from the indictment, and a defense motion to dismiss counts 2, 4 and 6 of the indictment.[19]  Mr. Edwards called three witnesses to testify at the hearing: Charlene Brakeman, who was Mr. Brakeman's wife; David Baker, Chief Appraiser for the Chaves County Assessor's Office; and Tim Kling, an investigator with the Federal Public Defender's Office.[20]  All four motions were denied.[21]

17.     In this proceeding, Mr. Brakeman fails to identify the other witnesses he thinks should have been called to testify at the pretrial motions hearing, fails to describe what their testimony would have been if they had been called to testify, and fails to explain how their testimony would have affected the outcome of his criminal case.  He simply alleges that Mr. Edwards was ineffective because he failed to call any witnesses at the motions hearing.  In addition to being contradicted by the record showing that Mr. Edwards did call three witnesses to testify at the hearing, this conclusory claim, without supporting factual allegations, is insufficient to establish that Mr. Edward's performance fell below an objective standard of reasonableness or that Mr. Brakeman was prejudiced by Mr. Edward's failure to call additional witnesses.  *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (*pro se* defendant's conclusory allegations, without supporting factual averments, were insufficient to support an ineffective assistance of counsel claim under § 2255); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief  can be

---

[19]*See **Clerk's Minutes*** (*CR Doc. 58*); Transcript of Pretrial Motions Hearing on May 23, 2005, at page numbered 2 in the transcript.

[20]*See **Clerk's Minutes*** (*CR Doc. 58*).

[21]*See **Memorandum Opinion and Order*** (*CR Doc. 61*) at 1, 11.

based."). Thus, the Court finds that Mr. Brakeman has made no showing of either deficient performance or prejudice with regard to this claim under the two-pronged *Strickland* standard.

<u>Claim 2: Failure and Refusal to Call any Witnesses at Trial</u>

18.     Mr. Brakeman asserts that Mr. Edwards was ineffective because he failed and refused to call any witnesses at Mr. Brakeman's trial.[22] Mr. Brakeman fails to elaborate on this claim in his § 2255 motion and fails to identify the witnesses he contends should have been called to testify or what their testimony would have been.   However, in his reply in support of the motion, Mr. Brakeman contends that Mr. Edwards should have called the following persons as witnesses at trial: David Higgins, Susan Gray, Danny Callaway and other unidentified "witnesses that were present during the search warrent [sic]."[23]

19.     With the exception of Susan Gray, Mr. Brakeman fails to describe what the testimony of these individuals would have been at trial or state how he was prejudiced by Mr. Edward's failure to call them to testify.   Thus, this claim, which is wholly conclusory insofar as it relates to David Higgins, Danny Callaway and other unidentified witnesses, is insufficient to establish that Mr. Edward's performance was deficient or that it prejudiced Mr. Brakeman.   *See United States v. Fisher*, 38 F.3d at 1147.

20.     In the case of Susan Gray, Mr. Brakeman alleges in his reply that Mr. Edwards had knowledge, before Mr. Brakeman's trial, of statements made by Ms. Gray that she was the owner of a gun found in a motor home on September 16, 2004, that she had left the gun in the motor home when she moved out, that she hid the gun inside the motor home, and that she knew the serial

---

[22]*See* Motion (*Doc. 1*) at 14.

[23]Reply (*Doc. 29*) at 6, 7.

number of the gun, could describe it and knew how many bullets it contained.[24]  Presumably, although he does not describe it, the gun in question is the handgun that Mr. Brakeman was convicted of possessing and carrying, on or about September 15, 2004, as charged in Counts 5 and 8 of the second superseding indictment.[25]  Mr. Brakeman alleges that Mr. Edwards withheld this information from him and that Mr. Brakeman did not become aware of it until after his trial.[26]  Mr. Brakeman's reply fails to indicate how he was prejudiced by Mr. Edward's failure to call Ms. Gray as a defense witness at trial.

21.     The evidence presented at Mr. Brakeman's trial showed that on September 15, 2004, Mr. Brakeman was driving a motor home that he pulled into a parking lot after Chaves County Sheriff's Department officers made a u-turn to follow the motor home when they noticed it did not have a license plate.[27]  Mr. Brakeman was subsequently arrested by the officers after they found methamphetamine inside a glasses case in one of his pockets during an officer safety pat-down search for weapons.[28]  An inventory search of the motor home produced a loaded gun that was found under the driver's seat.[29]  The gun found in the motor home was the subject of the firearm charges

---

[24]*Id.* at 5-7, 10.

[25]*See **Second Superseding Indictment** (*CR Doc. 39*) at 5-7; **Verdict** (*CR Doc. 68*) at 2.

[26]*See* Reply (*Doc. 29*) at 5-7.

[27]*See* Transcript of Jury Trial Proceedings on June 16, 2005, in Case No. CR-04-2524 RB at pages numbered 231-235 in the transcript.

[28]*Id.* at pages numbered 239-243 in the transcript.  Mr. Brakeman had told Deputy Sheriff Wollner that he had a pocket knife on his person.

[29]*See* Transcript of Jury Trial Proceedings on June 15, 2005, in Case No. CR-04-2524 RB at pages numbered 75-79, 109-112 in the transcript.

against Mr. Brakeman in Counts 5 and 8 of the second superseding indictment.[30]  After being advised of his *Miranda* rights, Mr. Brakeman told the arresting officers that he had moved the gun from the rear of the motor home to the front of the motor home and that he might have checked the gun to see if it was loaded.[31]

22.     Initially, the Court notes that Mr. Brakeman has not provided a sworn statement or affidavit signed by Susan Gray stating that she was willing to testify at his trial and what her testimony would have been.  Thus, the Court views his allegations on this subject with caution.  *See Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986) (citation omitted) ("Complaints of uncalled witnesses are not favored in federal habeas review because allegations of what a witness would have testified are largely speculative.  Where the only evidence of a missing witness' testimony is from the defendant, this Court views claims of ineffective assistance with great caution.").  Moreover, generally the decision of whether to call a witness "rests within the sound discretion of trial counsel."  *Jackson v. Shanks*, 143 F.3d 1313, 1320 (10th Cir. 1998).  Here, Mr. Brakeman has made no showing that Mr. Edwards' failure to call Ms. Gray as a witness was deficient performance.  Additionally, the Court finds no prejudice as a consequence of Mr. Edward's failure to call Ms. Gray as a witness.  To establish prejudice, Mr. Brakeman must demonstrate with reasonable probability that the result of his criminal case would have been different if Mr. Edwards had called Ms. Gray to testify as a witness at trial.  *See Strickland v. Washington*, 466 U.S. at 694. Assuming that Mr. Brakeman's allegations about what Ms. Gray's testimony would have been are true, her testimony would not have been exculpatory and would not have been likely to produce an

---

[30]*See Second Superseding Indictment* (*CR Doc. 39*) at 5-7.

[31]*See* Transcript of Jury Trial Proceedings on June 15, 2005, in Case No. CR-04-2524 RB at pages numbered 83-86 in the transcript.

acquittal of Mr. Brakeman on the firearms charges in Counts 5 and 8 of the second superseding indictment.  The circumstances of the discovery of the gun under the driver's seat of the motor home that Mr. Brakeman was driving and Mr. Brakeman's statements to the arresting officers about the gun, indicated that Mr. Brakeman knew the gun was present in the motor home and implied that he knew the gun was located under the driver's seat thus supporting the charges of "possession" of the firearm in Count 5 and "carrying" the firearm in Count 8, regardless of who owned the firearm. Thus, the Court finds no merit to this ineffective assistance of counsel claim under both prongs of the *Strickland* standard.

Claim 3:  Failure to Subpoena Mr. Brakeman's Voluntary Statement

23.     Mr. Brakeman contends that Mr. Edwards provided ineffective assistance of counsel because he failed to subpoena Mr. Brakeman's "voluntary statement."[32]  Mr. Brakeman fails to identify the statement in question, although his § 2255 motion includes, as an attachment, a copy of a document dated September 15, 2004, with the title "Voluntary Statement," which appears to be a transcript of a police interview with Mr. Brakeman on that date.[33]  Much of the text in this statement is marked "inaudible."[34]  Mr. Brakeman makes no argument as to how he was prejudiced by Mr. Edwards' failure to subpoena this statement.

24.     While Mr. Brakeman's § 2255 motion is entitled to a liberal construction, the Court is "not required to fashion [a defendant's] arguments for him where his allegations are merely conclusory in nature and without supporting factual averments."   *United States v. Fisher*,

---

[32]*See* Motion (*Doc. 1*) at 14.

[33]*See Document 1-4* at 13-32.

[34]*Id.*

38 F.3d at 1147.  Having reviewed the statement attached to Mr. Brakeman's motion, the Court finds

that he has made no showing of prejudice if, as he alleges, Mr. Edwards failed to subpoena the

statement in Mr. Brakeman's criminal case.  Consequently, the Court finds that this claim has no

merit under the second prong of the *Strickland* standard.

Claim 4:  Failure to Disclose Pertinent Information and
Withholding Information and Statements

25.     Mr. Brakeman contends that Mr. Edwards rendered ineffective assistance by failing

to disclose "pertinent information" regarding Mr. Brakeman's case and by withholding information

and statements made by the owner of the weapon found in the motor home on September 15, 2004.[35]

Mr. Brakeman gives no specifics regarding the information and statements to which he refers and

does not argue how disclosure of the information and statements would have altered the outcome

of his criminal case.  It is possible, although the Court cannot be certain, that he intends to refer to

Susan Gray whom he alleges was the owner of the gun found in the motor home as discussed above.

These conclusory allegations, without more, are insufficient to establish ineffective assistance of

counsel.  *See United States v. Fisher*, 38 F.3d at 1147.

Claim 5:  Failure to Inform Mr. Brakeman That Pretrial Motions Could,
and Should, Have Been Appealed

26.     Mr. Brakeman asserts that Mr. Edwards failed to inform him that pretrial motions in

his criminal case could, and should, have been appealed.[36]  The record of the criminal case shows

that multiple pretrial motions were filed in the case for the defense.  Mr. Brakeman fails to identify

which motions he contends should have been appealed or how their appeal would have altered the

---

[35]*See* Motion (*Doc. 1*) at 14.

[36]*Id.*

outcome of the case.  This conclusory and speculative claim fails to meet the requirements of the second *Strickland* prong for a showing of prejudice and is insufficient to establish ineffective assistance of counsel.  *See United States v. Fisher*, 38 F.3d at 1147; *see also Boyle v. McKune*, 544 F.3d 1132, 1140 (10th Cir. 2008) (speculative assertions are insufficient to carry burden of proving prejudice).

Claims 6 and 7:  Failure to Find or Obtain Records of the Ownership
of Weapons Found; Failure to Find the Owner of Motor Homes

27.     Mr. Brakeman contends that Mr. Edwards failed to find or obtain records of the ownership of "any of the weapons found" and failed to find "the owner of the motor homes" which constituted ineffective assistance of counsel.[37]  Mr. Brakeman makes no particularized allegations in support of this claim and his conclusory allegations, with no supporting factual averments, are insufficient to establish ineffective assistance of counsel under the *Strickland* standard.  *See United States v. Fisher*, 38 F.3d at 1147.

Claim 8:  Failure to Call David Higgins

28.     Mr. Brakeman asserts that Mr. Edwards failed to call David Higgins, "the owner of the trailer park, and owner of the property described in the search warrant" as a witness, alleging this was ineffective assistance of counsel.[38]  This claim appears to make reference to a search warrant that was executed on May 31, 2004, resulting in the seizure of physical evidence, including firearms and ammunition, which led to the indictment of Mr. Brakeman.  Mr. Brakeman challenged the legality of the search and the search warrant in a pretrial motion to suppress filed in his criminal case

---

[37] *Id.*

[38] *Id.*

15

that was denied.[39]  In the motion to suppress, Mr. Edwards argued, on behalf of Mr. Brakeman, that the property described in the search warrant was located at "205 Monksdale, in Roswell, New Mexico[,]" and that "a Mr. Higgins" was the owner of the property described in the warrant.[40] Mr. Edwards argued in the motion to suppress that the property searched pursuant to the warrant was not the property described in the warrant.[41]  Mr. Edwards described the locations searched as "a recreational vehicle, an area called 'The Shop' and a white El Camino."[42]

29.     Mr. Brakeman does not indicate what Mr. Higgins' testimony would have been if he had been called as a witness at trial, or called as a witness at the hearing on Mr. Brakeman's motion to suppress.  Nor does he indicate how Mr. Higgins' testimony would have been favorable to Mr. Brakeman's  defense.  Thus, Mr. Brakeman has made no showing to support a finding of prejudice as a consequence of Mr. Edwards' failure to call Mr. Higgins as a witness and the Court finds no merit to this claim under the *Strickland* standard.

<u>Claim 9:  Failure to Call the Assessor of Chaves County, New Mexico</u>

30.     Mr. Brakeman contends that Mr. Edwards failed to call the Chaves County Assessor "who told Peter Edwards my shop was not located at 205 Monksdale, and that the shop was not located on [M]onksdale [S]treet, but in the mobile home park" and this was ineffective assistance of counsel.[43]  This conclusory claim has no merit under the *Strickland* standard because Mr. Brakeman has made no showing that he was prejudiced by Mr. Edwards' failure to call the

---

[39]*See **Motion to Suppress Evidence** (CR Doc. 15); **Memorandum Opinion and Order** (CR Doc. 61).*

[40]*See **Motion to Suppress Evidence** (CR Doc. 15) at 2, 4.*

[41]*Id. at 4.*

[42]*Id.*

[43]*See Motion (Doc. 1) at 14.*

County Assessor as a witness, either at trial or at the hearing on Mr. Brakeman's motion to suppress evidence seized on May 31, 2004.  Moreover, there appears to be no prejudice insofar as this claim relates to the motion to suppress, given the Tenth Circuit's decision in Mr. Brakeman's direct appeal to affirm the trial court's denial of the motion.  In its decision, the Tenth Circuit noted that the search warrant's description of the property to be searched was ambiguous, but concluded that Sheriff's Deputy Franco's personal knowledge of the property to be searched resolved the ambiguity.

> The warrant's description was sufficiently particular.  Indeed, it describes-in some detail-Mr. Brakeman's property.  Mr. Brakeman acknowledged as much when he conceded at oral argument that his property was at the "physical location" of 205 Monksdale.
>
> The problem is that the description also fits Mr. Higgins' property.  And the County Assessor's records suggest that "officially" the address in the affidavit is that of Higgins rather than Mr. Brakeman.
>
> . . .
>
> Nevertheless, as a "[p]ractical" matter, the ambiguity was immaterial.  To the extent that the warrant was unclear as to whether the property to be searched was Higgins'[] or Mr. Brakeman's, Deputy Franco's personal knowledge resolved the matter. [44]

### Claim 10:  Failure to Call Susan Gray

31.    Mr. Brakeman asserts that Mr. Edwards rendered ineffective assistance of counsel by failing to call Susan Gray, who he alleges was the owner of the weapon found in the motor home on September 15, 2004.[45]    This claim is conclusory and should be denied on that ground.

---

[44]*United States v. Brakeman*, 475 F.3d 1206, 1211 (10th Cir. 2007) (citation omitted).

[45]*See* Motion (*Doc. 1*) at 15.

*United States v. Fisher*, 38 F.3d at 1147.  Additionally, this claim repeats part of Claim 2, above, and, for the same reasons, has no merit under both prongs of the *Strickland* standard.

<u>Claim 11:  Failure to Call the Owner of an El Cameno [sic]</u>

32.     Mr. Brakeman contends that Mr. Edwards "failed to call the owner of the El Cameno" [sic] and this was ineffective assistance of counsel.[46]  This appears to be a reference to the El Camino automobile that was searched on May 31, 2004, pursuant to the search warrant that led to Mr. Brakeman's indictment.[47]  Mr. Brakeman fails to elaborate on how this alleged failure was deficient performance by Mr. Edwards or caused Mr. Brakeman prejudice.  The Court finds that this conclusory claim is insufficient to establish ineffective assistance of counsel.  *See United States v. Fisher*, 38 F.3d at 1147.

<u>Claim 12:  Failure to Investigate Latent Fingerprints Found on a Weapon</u>

33.     Mr. Brakeman alleges that Mr. Edwards failed to investigate latent fingerprints found on the weapon found on September 15, 2004.[48]  He fails to identify what beneficial or exculpatory evidence would have resulted from this investigation.  This speculative claim does not satisfy the prejudice prong of the *Strickland* standard.  *See United States v. Manriquez-Rodriguez*, No. 98-2203, 1999 WL 345505, *5 (10th Cir. June 1, 1999) (unpublished) ("To satisfy the prejudice prong of the *Strickland* test for ineffective assistance of counsel, a defendant must specifically show what beneficial evidence an adequate investigation would have produced.  Simply speculating that

---

[46]*Id.*

[47]In the motion to suppress that Mr. Edwards filed on behalf of Mr. Brakeman, Mr. Edwards described the locations searched on May 31, 2004, as including "a white El Camino."  *See **Motion to Suppress Evidence** (CR Doc.15)* at 4.  Additionally, there was testimony at Mr. Brakeman's trial by Detective Charles Yslas that a white El Camino vehicle was searched on May 31, 2004, which Mr. Brakeman claimed as his own.  *See* Transcript of Jury Trial Proceedings on June 15, 2005, in Case No. CR-04-2524 RB at pages numbered 9-12 in the transcript.

[48]*See* Motion (*Doc. 1*) at 15; *see also* Reply (*Doc. 29*) at 5, 10.

investigation might have resulted in something useful will not suffice.") (citation and quotation marks omitted).  Therefore, this claim has no merit and should be dismissed.

### Claim 13:  Failure to Disclose any Information Obtained During Investigatory Trips Made to Roswell, New Mexico

34.    Mr. Brakeman asserts that Mr. Edwards failed "to disclose any of the information he obtained during his 2 two [sic] or three 3 [sic] trips he made to Roswell, New Mexico[,] to investigate" and this constituted ineffective assistance of counsel.[49]  In the reply in support of his motion, Mr. Brakeman states: "The investigation that Peter Edwards was supposed to do on the trips that he made to Roswell, N.M. [,] he never presented in Court.  This information was withheld without [sic] the knowledge of Defendant."[50]    Mr. Brakeman fails to describe the information Mr. Edwards allegedly failed to disclose and fails to describe how disclosure of this information would have altered the outcome of Mr. Brakeman's criminal case.  This conclusory and unsupported claim does not establish prejudice under the *Strickland* standard.  *See United States v. Manriquez-Rodriguez*, 1999 WL 345505 at *5.  Consequently, the Court finds that this claim has no merit.

### Claim 14:  Failure to Check With an Electric Utility Company for an Address for Electric Bills

35.    Mr. Brakeman asserts that Mr. Edwards failed to check with an electric utility company for an address and that this was ineffective assistance of counsel.[51]  Mr. Brakeman appears to contend that his electric bills were sent to the address "4242 S. Main Space #22" and that

---

[49] *See* Motion (*Doc. 1*) at 15.

[50] *See* Reply (*Doc. 29*) at 3.

[51] *See* Motion (*Doc. 1*) at 15.

Mr. Edwards should have verified this billing address.[52]  Mr. Brakeman does not state how the verification of this address would have produced exculpatory evidence or changed the outcome of his criminal case.  The Court finds this claim to be wholly conclusory and, therefore, without merit.  *See United States v. Fisher*, 38 F.3d at 1147.  This claim does not establish prejudice under the *Strickland* standard.

Claims 15 and 16: Failure to Argue That Mr. Brakeman's Presentence Report
Had Higher Points Than It Should Have Had and Failure to Act on Knowledge That
Mr. Brakeman Had Only One Violent Felony Conviction and Was Not Eligible
for an Armed Career Charge or Sentence

36.    Mr. Brakeman asserts two ineffective assistance of counsel claims related to his sentence.  First, he contends that Mr. Edwards failed to argue that Mr. Brakeman's presentence report had points that were "way higher" than they should have been.[53]  Second, he contends that Mr. Edwards knew Mr. Brakeman had only one violent felony conviction and, therefore, was not eligible for an armed career charge or sentence.[54]

37.    The record of Mr. Brakeman's criminal case showed that he changed defense counsel during the period between his conviction on June 17, 2005, and his sentencing on April 26, 2006, from Mr. Edwards to Mr. Kimmelman.[55]  The presentence report prepared for Mr. Brakeman by the United States Probation Office indicates that it was disclosed on September 2, 2005.[56]  Thus,

---

[52]*Id.*

[53]*Id.*

[54]*Id.*

[55]*See* **Order** (*CR Doc. 72*), filed on February 2, 2006, granting Mr. Edwards' motion to withdraw, and ***CJA 20 Appointment of and Authority to Pay Court Appointed Counsel*** (*CR Doc. 73*), filed on February 6, 2006, appointing Mr. Kimmelman to represent Mr. Brakeman.

[56]*See* Presentence Investigation Report - Type I for Case No. 2:04CR02524-001RB at 2.

presumably Mr. Edwards had access to the presentence report before he withdrew and Mr. Kimmelman had access to the report, as well, since he represented Mr. Brakeman at his sentencing hearing.[57]

38.     Pursuant to federal sentencing guidelines, the presentence report for Mr. Brakeman included calculations of an offense level and a criminal history category using a system of points.[58] Mr. Brakeman's argument that Mr. Edwards failed to argue that the presentence report had points "way higher" than they should have been offers no facts or reasons why Mr. Edwards should have objected to the calculations.  He only makes a conclusory statement that Mr. Edwards should have objected to the points as being too high.  This conclusory argument is insufficient to support a claim of ineffective assistance of counsel and, therefore, has no merit.  *See United States v. Fisher*, 38 F.3d at 1147.

39.     Mr. Brakeman's sentence on Counts 1 and 5 of the second superceding indictment was enhanced under 18 U.S.C. § 924(e)(1) based on his prior felony convictions.[59]  Mr. Brakeman makes a conclusory argument that Mr. Edwards knew Mr. Brakeman had only one violent felony conviction and, therefore, was not eligible for an armed career criminal sentence enhancement.  The criminal history section of Mr. Brakeman's presentence report indicates that he had multiple prior adult convictions for crimes meeting the definition of "violent felony" in 18 U.S.C. § 924(e)(1).[60]

---

[57]*See **Sentencing Minute Sheet** (CR Doc. 75).*

[58]*See* Presentence Investigation Report - Type I for Case No. 2:04CR02524-001RB at ¶¶ 21-56.

[59]*See **Amended Judgment in a Criminal Case** (CR Doc. 78).*

[60]The versions of 18 U.S.C. § 924 applicable to Mr. Brakeman's sentence defined "violent felony" to include burglary.  *See* 18 U.S.C. § 924(e)(2)(B)(ii) (2003) and (2004).  Mr. Brakeman's presentence report indicates that at the time of his sentencing he had six previous adult felony convictions for burglary, arising in five separate cases.  *See* Presentence Investigation Report - Type I for Case No. 2:04CR02524-001RB at ¶¶ 33-34, 37, 41, 44.

Apart from his conclusory allegation, Mr. Brakeman offers no facts that show Mr. Edwards should have objected to his sentence enhancement.   Mr. Edwards was not required to object to the presentence report on a frivolous basis and Mr. Brakeman's conclusory argument is insufficient to support a claim of ineffective assistance of counsel.   *See United States v. Arena*, 180 F.3d 380, 396 (2d Cir. 1999) ("Failure to make a meritless argument does not amount to ineffective assistance."); *United States v. Fisher*, 38 F.3d at 1147.   Therefore, this claim has no merit.

<u>Claim 17:  Failure to Adequately Argue Against a Weak Prosecution Case</u>

40.     Mr. Brakeman contends that Mr. Edwards "failed to adequately argue against [a] weak prosecution case."[61]   He offers no specifics in support of this allegation.   This conclusory allegation, without more, is insufficient to support an ineffective assistance of counsel claim under the *Strickland* standard.   *See United States v. Fisher*, 38 F.3d at 1147.

---

[61]*See* Motion (*Doc. 1*) at 15.

<u>Ineffective Assistance of Counsel - Mr. Kimmelman</u>

41.     Attorney David Kimmelman represented Mr. Brakeman in his criminal case in connection with his sentencing and his direct appeal to the United States Court of Appeals for the Tenth Circuit.  Mr. Brakeman argues that Mr. Kimmelman failed to provide effective assistance of counsel because he failed to notify Mr. Brakeman of the Tenth Circuit decision in his appeal; he used copies of pretrial motions in Mr. Brakeman's appeal; he failed to take notes, maps, photos or evidence to oral argument, presumably at the Tenth Circuit; he neglected to take a copy of the original search warrant to the Tenth Circuit; he told the Tenth Circuit that Mr. Brakeman had admitted to living at 205 Monksdale which was false; he failed to argue at sentencing that Mr. Brakeman was receiving an illegal sentence; he failed to review Mr. Brakeman's presentence report which would have shown that Mr. Brakeman's sentence was "all wrong;" he withheld information that Mr. Brakeman now needs to fully support his § 2255 motion; and he failed to object to the application of guidelines that increased Mr. Brakeman's sentence.[62]

42.     The standard for effective assistance of appellate counsel is essentially the same as the standard for trial counsel.  *See Coronado v. Ward*, 517 F.3d 1212, 1216 (10th Cir. 2008) (to show ineffective assistance of appellate counsel, a habeas petitioner "must demonstrate that his appellate counsel's performance was deficient and also that he was prejudiced as a result of the deficient performance") (citing *Strickland v. Washington*, 466 U.S. at 687)).

43.     Mr. Brakeman has not provided any reason for the Court to believe that Mr. Kimmelman provided ineffective assistance of counsel.  Mr. Brakeman's claims against

---

[62]*See* Motion (*Doc. 1*) at 18.

Mr. Kimmelman are, for the most part, conclusory and he has made no showing that he was prejudiced by Mr. Kimmelman's performance.  Thus, this claim has no merit.

Allegations Regarding Deputy Franco

44.     Mr. Brakeman contends that Chaves County Sheriff's Deputy Marcos Franco altered evidence in Mr. Brakeman's criminal case to gain a conviction.[63]  Mr. Brakeman attributes his failure to raise this issue on appeal to ineffective assistance of counsel.[64]

45.     The alterations of evidence and other complaints attributed to Deputy Franco by Mr. Brakeman are as follows: Franco altered his original statement about the description of property; Franco lied under oath when he said that he checked and found that Mr. Brakeman had used both "4242 S. Main" and "205 Monksdale" as his address and had used the Monksdale address more frequently; Franco lied when he said that Mr. Brakeman had told him that he lived in a motor home; Franco took photos of a "205" sign so that you could not see what was behind the sign; Franco lied when he said that the County Assessor said there were two addresses at "205 Monksdale;" Franco gave false and misleading information to obtain the search warrant in May of 2004; after Danny Calloway made a statement on May 29, 2004, Franco checked with witnesses at Mr. Brakeman's shop who told him that no weapons had been used or fired and Franco questioned neighbors who told him that no shots were fired; Franco (and others, including attorney Peter Edwards and Mr. Brakeman's prosecutor) did not mention that Mr. Brakeman was charged with aggravated assault on Danny Calloway but the charges were dropped after Callaway failed to appear in court and testify about a report he made to Deputy Franco; Franco did not mention that

---

[63]*Id.* at 5 through 7, 16 and 17.

[64]*Id.* at 6.

24

Danny Calloway was "so high on drugs that he did not even know where he was at" when he talked to Franco; and Franco failed to mention in his report that Danny Calloway "was over eight (8) blocks away from [Mr. Brakeman's] shop running down the street all by himself."[65]

46.     Mr. Brakeman's claims regarding Deputy Franco were not raised on direct appeal. A § 2255 proceeding may not be used to raise issues that should have been raised on direct appeal. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).  Nor has Mr. Brakeman shown that his appellate counsel, Mr. Kimmelman, was ineffective in omitting these issues from Mr. Brakeman's direct appeal or that failure to consider these claims will result in a fundamental miscarriage of justice.  *See United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004) (§ 2255 movant's failure to raise issues on direct appeal imposes a procedural bar to habeas review unless he can show both good cause for failing to raise the issue earlier and actual prejudice to his defense, or that failure to consider the issue will result in a fundamental miscarriage of justice).  The Court finds that Mr. Brakeman's claims regarding Deputy Franco are procedurally barred because they were not raised on direct appeal and these claims are not saved by Mr. Brakeman's conclusory allegations of ineffective assistance of appellate counsel or by any showing of a fundamental miscarriage of justice.

---

[65]*Id.* at 16-17.  By way of explanation, the Court notes that execution of the search warrant on May 31, 2004, that led to Mr. Brakeman's indictment was precipitated by an incident on May 29, 2004. On that date, Deputy Franco "had just responded to a call regarding a loud party when he observed Danny Calloway running from Mr. Brakeman's residence in a mobile-home park near the intersection of South Main and Monksdale in Roswell, New Mexico.  When Franco stopped to determine what had happened, Calloway said that Mr. Brakeman had just shot at him.  Calloway explained that he had gone to the mobile-home park to try to dispel suspicions that he had stolen drugs from Mr. Brakeman.  He said that he had been shot at while he was looking for Mr. Brakeman outside his residence. . . . The day after his interview of Calloway, Deputy Franco applied for a warrant to search Mr. Brakeman's property for a gun and other evidence of the shooting."  *United States v. Brakeman*, 475 F.3d 1206, 1208 (10th Cir. 2007).

<u>Allegations Regarding the Indictments</u>

47.     Mr. Brakeman contends in conclusory allegations that the superseding indictments in his criminal case were not signed by a grand jury member and that there was not enough evidence to support the superseding indictments.[66]  His contention regarding a lack of signatures on the indictments is contradicted by the record and has no merit.  As Judge Brack noted, in his order denying Mr. Brakeman's motion to inspect grand jury minutes filed in the criminal case, the indictments were signed but in this district signatures are redacted from public copies of indictments.[67]  Mr. Brakeman's other contention appears to be an argument that the evidence at trial was insufficient to support his convictions.  The Court finds that Mr. Brakeman is procedurally barred in this action from raising this issue, which he should have raised on direct appeal, and finds that he has made no showing that procedural bar should not apply.  Therefore, the Court concludes that Mr. Brakeman's claims regarding the indictments have no merit and should be denied.

<u>Motion to Correct Presentence Report</u>

48.     As noted above, on September 22, 2008, Mr. Brakeman filed a ***Motion to Correct Presentence Investigation Report*** (*Doc 31*) in this action.  In this motion, Mr. Brakeman asserts that inaccuracies in his presentence report "resulted in a harsher and unjustified sentence."[68]  He appears to attribute his failure to make this argument prior to sentencing to ineffective assistance of both trial and appellate counsel.[69]

---

[66]*See* Motion (*Doc. 1*) at 8.

[67]*See **Memorandum Opinion and Order** (CR Doc. 124)* at 2.

[68]***Motion to Correct Presentence Investigation Report*** (*Doc 31*) at ¶ 1.

[69]*Id.* at 3 and 7.

49.     Mr. Brakeman's presentence report was disclosed on September 2, 2005.[70]  Under Fed. R. Crim. P. 32(f)(1) (2005), he had fourteen days after receipt of the presentence report to state in writing any objections to the report, including any objections to material information. Mr. Brakeman appears to concede that he made no objections to the report and there is no evidence that he made any objections in the record of his criminal case.  Thus, his motion is untimely under Rule 32(f)(1) and he is not entitled to relief under that rule.

50.     To the extent that Mr. Brakeman's motion and reply are intended as supplements to his ineffective assistance of counsel claims against Mr. Edwards and Mr. Kimmelman regarding the presentence report, discussed above, his motion has no merit and should be denied.  Mr. Brakeman provides no additional support for his argument that his attorneys should have objected to his presentence report or his sentence enhancement.  His attorneys were not required to object to the presentence report or his sentence enhancement on a frivolous basis and his arguments are insufficient to support a claim of ineffective assistance of counsel.  *See United States v. Arena*, 180 F.3d at 398 ("Failure to make a meritless argument does not amount to ineffective assistance.").

### *Conclusion*

Mr. Brakeman's ***Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*** (*Doc. 1*) should be denied, without an evidentiary hearing, and judgment entered dismissing this action with prejudice.  Additionally, Mr. Brakeman's ***Motion to Correct Presentence Investigation Report*** (*Doc 31*) should be denied.

---

[70]*See* Presentence Investigation Report - Type I for Case No. 2:04CR02524-001RB at 2.

## RECOMMENDED DISPOSITION

For the foregoing reasons, the undersigned recommends to the presiding judge that he:

(1) **DENY** Mr. Brakeman's ***Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*** (*Doc. 1*), without an evidentiary hearing, and dismiss this action with prejudice; and (2) **DENY** Mr. Brakeman's ***Motion to Correct Presentence Investigation Report*** (*Doc 31*).


*Lourdes a. Martínez*
**HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**