IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.                                 **Case No. CIV-08-0472 RB/LAM**
                                     **Case No. CR-04-2524 RB**

EVERETT CHARLES BRAKEMAN,

        Defendant/Movant.

### ORDER ADOPTING MAGISTRATE JUDGE'S
### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition (*CV Doc. 45; CR Doc. 133*) (hereinafter, "PF&RD"), filed on January 29, 2009.[1]  On March 9, 2009, Defendant/Movant Everett Charles Brakeman filed timely objections to the PF&RD, in a document titled "Motion to Answer Proposed Findings and Recommended Disposition Doc[.]# 45 (*CV Doc. 53; CR Doc. 141*) (hereinafter, "Brakeman's Objections"), and the deadline for filing objections has passed.[2]  Plaintiff/Respondent

---

[1]All document numbers referenced in this Order with the designation "CV" are from Case No. CIV-08-0472 RB/LAM.  All document numbers referenced in this Order with the designation "CR" are from Case No. CR-04-2524 RB.

[2]Mr. Brakeman's objections to the PF&RD were originally due by February 17, 2009, but he was granted an extension of time through March 10, 2009, to file and serve objections to the PF&RD.  *See* Order Granting in Part Defendant/Movant's Motion for Extension of Time (*CV Doc. 48; CR Doc. 136*).  The certificate of service on Mr. Brakeman's objections indicates that he sent copies of his objections to the Court and opposing counsel on March 9, 2009, and the post-mark on the mailing envelope for the objections is dated March 10, 2009.  *See* Brakeman's Objections (*CV Doc. 53; CR Doc. 141*) at 4-5.  The Clerk of the Court stamped the envelope for Mr. Brakeman's objections "RECEIVED" on March 16, 2009, and date-stamped the objections with March 16, 2009, as the filing date.  *Id.* at 1, 5.  The Clerk entered the objections on the Court's docket on March 18, 2009.  *See* docket entry for *CV Doc. 53* and *CR Doc. 141*.  The United States does not contend that Mr. Brakeman's objections were untimely filed and the Court considers the objections timely filed on March 10, 2009, the date by which they were deposited with the U.S. Mail, under the prison mailbox rule.  *See Price v. Philpot*, 420 F.3d 1158, 1163-64
(continued...)

United States of America (hereinafter, "United States") did not file any objections to the PF&RD, or any response to Mr. Brakeman's objections, and the deadlines for doing so have passed. The Court has conducted a *de novo* review of those portions of the PF&RD to which Mr. Brakeman objects and finds that the objections are without merit. Accordingly, the Court has determined that it will overrule Mr. Brakeman's objections; adopt the PF&RD; deny Mr. Brakeman's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (*CV Doc. 1; CR Doc. 85*) (hereinafter, "2255 Motion"), without an evidentiary hearing; deny Mr. Brakeman's Motion to Correct Presentence Investigation Report (*CV Doc. 31; CR Doc. 121*); and enter a judgment dismissing this case with prejudice. Additionally, the Court will deny Mr. Brakeman's Motion for Discovery of Grand Jury Minutes (*CV Doc. 46; CR Doc. 134*), filed on January 30, 2009, for the reasons set forth below.

### *Objections to the PF&RD*

Mr. Brakeman objects to the PF&RD on several grounds. First, he objects to the Magistrate Judge's denial of his Motion for Transcripts (*CV Doc. 30; CR Doc. 109*). He contends that this ruling "has limited any legal arguments to be able to fight his case" and denied him "a Constitutional right to access his records." Brakeman's Objections (*CV Doc. 53; CR Doc. 141*) at 1. Additionally, he contends that "fighting a 248[-] month sentence . . . would require all the transcripts" and that it "is not possible without the help of the requested transcrip[t]s" to make factual averments in this proceeding. *Id.* at 1, 3. The record of this case shows that the Magistrate Judge denied Mr. Brakeman's motion for transcripts in an order filed on January 9, 2009,

---

[2](...continued)
(10th Cir. 2005) (under the prison mailbox rule, a prisoner's papers are considered timely filed when he gives them to a prison official for mailing prior to the filing deadline, regardless of when the court actually receives the documents); *see also Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989) (per curiam) (prison mailbox rule applied to inmate's objections to a magistrate judge's report in a civil rights case).

and the Court mailed a copy of the order to Mr. Brakeman on the same date. *See* Order Denying Motion for Transcripts (Doc. 30) (*CV Doc. 44; CR Doc. 132*); Notices of Electronic Filing for *CV Doc. 44* and *CR Doc. 132*. Because the Magistrate Judge's ruling on this motion was a ruling on a non-dispositive matter, Mr. Brakeman had ten days after service of the order to file objections to the order, which he failed to do. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to [a non-dispositive] order [by a magistrate judge] within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to."). Thus, Mr. Brakeman's objections to this ruling by the Magistrate Judge, asserted two months after the ruling was made, are untimely and will be overruled. The Court notes that Mr. Brakeman did not assert a request for transcripts in his 2255 Motion and, therefore, that matter is not at issue in the PF&RD.

As his second objection, Mr. Brakeman appears to contend that his constitutional rights have been violated because the Magistrate Judge denied him legal counsel in this proceeding. *See* Brakeman's Objections (*CV Doc. 53; CR Doc. 141*) at 1. On August 19, 2008, Mr. Brakeman filed a motion for appointment of counsel (*CV Doc. 20; CR Doc. 102*) in this case which the Magistrate Judge denied, as premature, on August 20, 2008. *See* Order (*CV Doc. 22; CR Doc. 103*). To the extent that Mr. Brakeman objects to this ruling by the Magistrate Judge, his objection is untimely under Fed. R. Civ. P. 72(a), cited above, and will be overruled. Mr. Brakeman also requested the appointment of counsel in his 2255 Motion. *See CV Doc. 1-2* at 11, and *CR Doc. 85* at 29. In the PF&RD, the Magistrate Judge recommends that this request be denied because an evidentiary hearing is unnecessary on Mr. Brakeman's claims. *See* PF&RD at ¶ 13. The Court will overrule this objection to the extent that it relates to the PF&RD. There is generally no federal constitutional right to counsel in a collateral attack brought under 28 U.S.C. § 2255. *See*

*Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Moreover, Mr. Brakeman's claims in this case can be decided without an evidentiary hearing because the files and records of the case conclusively show that he is entitled to no relief.  *See* 28 U.S.C. § 2255(b).  Thus, appointment of counsel is not required under Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts.[3]

Mr. Brakeman's third objection appears to take issue with the Magistrate Judge's finding that his claim regarding an alleged lack of signatures on the indictments in his criminal case is contradicted by the record and has no merit.  *See* Brakeman's Objections (*CV Doc. 53; CR Doc. 141*) at 2; PF&RD at ¶ 47.  This objection will be overruled.  As the Court noted previously in an order filed in Mr. Brakeman's criminal case on September 29, 2008, the indictments in his case were signed but in this district the Court redacts, or marks out, signatures from public copies of indictments.  *See* Memorandum Opinion and Order (*CR Doc. 124*) at 2.

Mr. Brakeman's fourth objection relates to his ineffective assistance of counsel claims.  He asserts that "[t]he information that [he] needs is beeing [sic] withheld by both Peter Edwards[] and David Kimmelman."  *See* Brakeman's Objections (*CV Doc. 53; CR Doc. 141*) at 2.  Mr. Edwards was Mr. Brakeman's trial attorney in his criminal case.  Mr. Kimmelman was Mr. Brakeman's attorney at sentencing and on direct appeal.  Mr. Brakeman asserts that both attorneys are "with[]holdin[g] information as to Susan Gray," but he fails to specify what this information is or how it could have affected the outcome of his criminal case.  *Id.*  He asserts that Mr. Kimmelman "has a noterised [sic] letter," and Mr. Edwards has a "personal interview that he conducted and did not disclose to Defendant or the Court," but Mr. Brakeman does not indicate who provided these

---

[3]Rule 8(c) states: "If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006(A).

materials to the attorneys, describe the contents of these materials, or state how these materials could have affected the outcome of his criminal case. These conclusory allegations in Mr. Brakeman's objections are insufficient to support an ineffective assistance of counsel claim under the Sixth Amendment. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir.1994) (conclusory allegations without supporting factual averments are insufficient to support a Sixth Amendment ineffective assistance of counsel claim); *see also Strickland v. Washington*, 466 U.S. 668, 687-691 (1984) (to establish ineffective assistance of counsel, a defendant must show that his attorney's performance was deficient, and that such deficient performance prejudiced his defense). Therefore, this objection will be overruled.

Mr. Brakeman's fifth objection concerns his Motion to Correct Presentence Investigation Report (*CV Doc. 31; CR Doc. 121*), filed on September 22, 2008. In the PF&RD, the Magistrate Judge recommends that this motion be denied as untimely and, to the extent that the motion is intended to supplement his ineffective assistance of counsel claims, as without merit. *See* PF&RD at ¶¶ 49-50. In his objections, Mr. Brakeman makes a conclusory argument which appears to be that he should have been given a separate trial to prove that he could be sentenced as an armed career criminal. *See* Brakeman's Objections (*CV Doc. 53; CR Doc. 141*) at 2. The Court finds no merit to this argument. Therefore, this objection will be overruled. The United States Court of Appeals for the Tenth Circuit has held, post-*United States v. Booker*, 543 U.S. 220 (2005), that the existence and classification of prior convictions used to enhance a defendant's sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), need not be charged in an indictment or submitted to a jury. *See United States v. Moore*, 401 F.3d 1220, 1224-26 (10th Cir. 2005). This is still the current law in this circuit.

Finally, Mr. Brakeman asks for an evidentiary hearing on his 2255 Motion. *See* Brakeman's Objections (*CV Doc. 53; CR Doc. 141*) at 2. The Court will overrule this objection. An evidentiary hearing is unnecessary because the files and records of the case conclusively show that Mr. Brakeman is entitled to no relief. *See* 28 U.S.C. § 2255(b).

### *Motion for Discovery of Grand Jury Minutes*

On January 30, 2009, after the PF&RD was filed, Mr. Brakeman filed a Motion for Discovery of Grand Jury Minutes (*CV Doc. 46; CR Doc. 134*). In this motion, Mr. Brakeman asks the Court to order the disclosure of materials related to the federal grand jury that convicted him and its proceedings. More specifically, he asks for the disclosure of the names and addresses of all attorneys for the government who appeared before the grand jury, presented evidence to the grand jury, or made statements to the grand jury; a statement as to whether any unsworn witnesses or unauthorized persons were present in the grand jury room; a statement as to when the grand jury commenced its duties and copies of any documents or orders related to or extending its legal authority or term; a transcript of the grand jury's minutes; and a copy of all evidence that was presented to the grand jury. *Id.* at 2. Mr. Brakeman argues that he needs these materials to prepare his defense; to ascertain issues to raise in this § 2255 proceeding; to protect his rights to due process and a fair trial; to prevent the suppression of constitutionally-protected material; and to guarantee public access to constitutionally-protected material. *Id.* He appears to argue that he needs these materials to prove that he was illegally charged and to prove that information was withheld from the grand jury in his case. *Id.* at 1. The United States filed a response in opposition to the motion (*CV Doc. 52; CR Doc. 140*) on March 17, 2009, and Mr. Brakeman filed a reply in support of the motion (*CV Doc. 58; CR Doc. 144*), under the prison mailbox rule, on April 14, 2009.

The Court has reviewed the motion, the response and reply, the record of this case and relevant law, and finds that the motion has no merit and should be denied.  In ruling on this motion, the Court notes that Mr. Brakeman has sought similar grand jury materials in this proceeding before, and in his criminal case, and his previous requests were also denied.  *See* Memorandum Opinion and Order (*CR Doc. 124*), filed on September 29, 2008; Order Denying Motion for Transcripts (*CV Doc. 44; CR Doc. 132*), filed on January 9, 2009.

The Court finds that the motion has no merit for several reasons.  First, if it is considered a request for discovery under Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts, Mr. Brakeman has not shown "good cause" for the materials he seeks which is required by Rule 6(a).  His renewed motion is not only belated, coming after his 2255 Motion was fully briefed and the PF&RD was filed by the Magistrate Judge, it has all the earmarks of a "fishing expedition" in that his asserted need for grand jury materials is a speculative one to "allow him to determine whether any abuse or defect of the Grand Jury proceedings exhists [sic]" and "to ensure that no abuse or defects in the Grand Jury proceeding exhist [sic] which would warrant dismissal of the indictment against [Mr. Brakeman]."  Motion for Discovery of Grand Jury Minutes (*CV Doc. 46; CR Doc. 134*) at 3-4.   Mr. Brakeman acknowledges the speculative nature of his motion when he states in the motion that "unless the Defendant is granted disclosure of the Grand Jury materials he requested, the Defendant cannot substantiate any claim and faces the potential of waiving his right to raise such claims *if their existence surfaces at a later date*."  *Id.* at 5 (emphasis added).

Second, Mr. Brakeman's motion is untimely under Fed. R. Crim. P. 12(b)(3)(A), which requires that a motion alleging a defect in instituting a prosecution be made before trial.  Under Fed. R. Crim. P. 12(e), any Rule 12(b)(3) defense, objection or request not raised in a pretrial motion

is waived, absent a showing of "good cause," and Mr. Brakeman has not made such a showing in his motion.

Third, Mr. Brakeman has not met the relatively high standard for obtaining disclosure of grand jury materials.  As stated by the Tenth Circuit, "[t]he Supreme Court has consistently 'recognized that the proper functioning of the grand jury system depends upon the secrecy of the grand jury proceedings.' Secrecy, however, is not absolute."  *In re Special Grand Jury 89-2*, 143 F.3d 565, 569 (10th  Cir. 1998) (citations omitted).  In determining whether disclosure should be ordered, "[t]he most significant . . . factor[] is that the party seeking the disclosure must sufficiently demonstrate the requisite 'particularized need.'" *In re Lynde*, 922 F.2d 1448, 1452 (10th Cir. 1991) (quoting *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 223 (1979); *see also In re Grand Jury 95-1*, 118 F.3d 1433, 1437 (10th Cir. 1997) ("the request must amount to more than a request for authorization to engage in a fishing expedition.").  Here, Mr. Brakeman has not made a showing of particularized need for the materials he seeks related to the federal grand jury that indicted him and its proceedings.

### *Conclusion*

The Court concludes that Mr. Brakeman's objections to the PF&RD have no merit and should be overruled, and his Motion for Discovery of Grand Jury Minutes (*CV Doc. 46; CR Doc. 134*) should be denied.

**IT IS THEREFORE ORDERED** that Defendant/Movant Brakeman's objections to the Magistrate Judge's Proposed Findings and Recommended Disposition (*CV Doc. 45; CR Doc. 133*) contained in his Motion to Answer Proposed Findings and Recommended Disposition Doc# 45 (*CV Doc. 53; CR Doc. 141*) are **OVERRULED**, and the Magistrate Judge's Proposed Findings and Recommended Disposition (*CV Doc. 45; CR Doc. 133*) are **ADOPTED** by the Court.

**IT IS FURTHER ORDERED** that Mr. Brakeman's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (*CV Doc. 1; CR Doc. 85*) is **DENIED**, without an evidentiary hearing.

**IT IS FURTHER ORDERED** that Mr. Brakeman's Motion to Correct Presentence Investigation Report (*CV Doc. 31; CR Doc. 121*) and Motion for Discovery of Grand Jury Minutes (*CV Doc. 46; CR Doc. 134*) are **DENIED**.

**IT IS FURTHER ORDERED** that this case be **DISMISSED WITH PREJUDICE** and that a final judgment be entered concurrently with this Order.

**IT IS SO ORDERED.**

_____

**HONORABLE ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**